# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal No. 2:20cr11 |
| **LAQUISHA MCFRAZIER,** | |
| Defendant. | |

## DEFENDANT'S RESPONSE TO THE UNITED STATES' POSITION PAPER

COMES NOW, Defendant, LaQuisha McFrazier ("LaQuisha"), by and through the undersigned counsel, in accordance with Paragraph Six (6) of this Court's Sentencing Procedures Order entered on December 8, 2020, and respectfully submits the following Response to the United States' Position Paper.

### I.  OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

As noted in her Sentencing Pleading (ECF No.: 148), LaQuisha objected to the fact that she did not receive a "Mitigating Role" reduction as either a minor or minimal participant under U.S.S.G. 3B1.2. In its Sentencing Pleading ("Pos. Paper") (ECF No.: 147), the United States has suggested that LaQuisha's "conduct in this case was neither minimal nor minor." Pos. Paper at 3. In support of this statement, the United States argues that LaQuisha "used her position as an employee of the United States Postal Service to help California-based methamphetamine suppliers track massive amounts of that drug into Virginia." Pos. Paper at 3-4. Specifically, the United States cites to paragraph 10(2) of the Presentence Investigation Report ("PSR"). Contrary to the United States' suggestion, the referenced section says no such thing. Paragraph 10 of the PSR

contains, verbatim, language from the Statement of Facts ("SOF") (ECF No.: 120). In particular, subparagraph (2) of Paragraph 10 of the PSR recites:

> "The defendant, who was a U.S. Postal Service employee - a lead clerk at the Vernon Station Post Office in Vernon, California - was approached by K.D. in or about April 2019 and asked to ship packages for him. She then coordinated with co-conspirators to ship packages containing methamphetamine through the U.S. postal system from the Compton/Los Angeles area of California into the Eastern District of Virginia."

SOF ¶2; PSR ¶10(2). The referenced paragraph does not remotely suggest that LaQuisha "used" her position as an employee of the United States Postal Service to help California-based methamphetamine suppliers track massive amounts of that drug into Virginia, and to suggest otherwise is specious. The United States goes so far as to maintain that LaQuisha "abused her job with a government agency to move…methamphetamine" (Pos. Paper at 4), which is categorically false. The PSR itself states that LaQuisha did not use or abuse her position as suggested by the United States: "[a]lthough the defendant held a position at the post office, *there is no evidence to suggest that she abused her position* of trust in a manner to facilitate the commission or concealment of the offense." (Emphasis supplied). PSR at ¶16. Although LaQuisha was an employee of the United States Postal System, and as admitted in the SOF, she did mail and track packages, send photographs of the shipping receipts and communicate about the status of the various packages with Xavier Howell, these activities could have been carried out by any average citizen in the United States. It takes no special skill, and certainly not employment with the United States Postal System to walk into a United States Post Office, obtain the free shipping supplies, fill out a shipping label, pay for the package to be shipped, receive a receipt with information that can be communicated to other individuals, obtain a tracking number and track a package from

2

point of origin to delivery. To be clear, there is no evidence whatsoever that LaQuisha used her position - or abused her position with a government agency to ship and track any packages.

The United States also points to LaQuisha's conspiracy-related activity in traveling on two occasions via commercial air, and conducting or facilitating wire transfers of cash among the conspirators through Zelle money transfers and other means for a period of roughly seven months (April - October 2019) as outlined in paragraphs 12-15 of the SOF as support for the contention that she does not deserve a Mitigating Role reduction. Pos. Paper at 4. However, the United States admits that it does not have any information that LaQuisha was *selling* drugs. Id. (Emphasis in original). There is also no suggestion in the Indictment, Superseding Indictment, SOF or PSR that LaQuisha had any meaningful knowledge or understanding of the scope and structure of the conspiracy or the activities of her co-conspirators. This lack of knowledge and understanding is indicative of a role as minimal participant, *regardless* of the type of activities in which LaQuisha participated.

In evaluating whether LaQuisha should receive a § 3B1.2 adjustment, the Court should determine whether she was "substantially less culpable than the *average* participant" in the broader "criminal activity" for which she was convicted. U.S.S.G. § 3B1.2 cmt. 3(C). (Emphasis supplied). In this case, LaQuisha was one of five individuals who were indicted in a bi-coastal drug trafficking and money laundering conspiracy. Of these five individuals, three individuals were well known to the FBI and were involved directly in the planning, organizing, implementing and directing of the drug trafficking and money laundering. Indeed, the United States has suggested that Kevin Howard ("Howard"), who is scheduled to be sentenced on May 14, 2021, was a "major dealer" in the conspiracy, who worked under the leader, Xavier Howell, and whose crimes are

3

"about as serious as non-violent drug crimes get." ECF No.: 148. The United States has recommended that Howard receive a sentence of 248 months. Id. at 7. The purported "leader" of the conspiracy, Xavier Howell, "lived at [117] Gateway Court [where] the men received, repackaged, and sold drugs." Id. There is no evidence that LaQuisha had a personal relationship with either of these individuals, only that K.D. put her in touch with Howard and Xavier Howell, to provide them with information on the packages she had shipped.

The United States argues that LaQuisha's conduct is "more serious – and not just slightly more serious – than that of Tamara Howell…" ECF No.: 126. Yet, according to the government, Tamara Howell lived (first denying that she lived there) at the 117 Gateway Court address with her brother, Xavier Howell, and she "picked up packages containing tens of thousands of dollars' worth of drugs that had been shipped from California to an address on Ego Drive in Virginia Beach, and then delivered those drugs to her brother and other co-conspirators and she helped launder thousands of dollars in drug proceeds through electronic fund transfers back to California." Id.

If anything, Tamara Howell and LaQuisha played similar roles in the overall conspiracy in that they were both recruited to perform certain roles designed to facilitate the process as a whole, but as outlined in LaQuisha's Sentencing Pleading, the other differences between the two women are glaring. This Court should measure the relative culpability of LaQuisha compared to the average participant of this conspiracy, not just Tamara Howell. United States v. Carbajal, 717 F. App'x 234, 240–41 (4th Cir. 2018). The inquiry in this case, as with all others, should be fact-specific and based on the totality of the circumstances and the Court should not deny a mitigating role reduction merely because LaQuisha played an essential or indispensable role in the

offense. USSG § 3B1.2 cmt. n.3(C); <u>United States v. Valle-Barrera</u>, 729 F. App'x 233, 235 (4th Cir. 2018). Nor should this Court deny LaQuisha the Mitigating Role reduction simply because Tamara Howell elected not to request a similar reduction.

The investigation performed by the FBI and CPD clearly suggests that LaQuisha was "operating at the direction of K. D." Milewczik Report at 11. When evaluating the factors set forth in U.S.S.G. § 3B1.2 cmt. 3(C), this Court should take into account that there is no evidence to suggest that LaQuisha understood the scope and structure of the criminal activity, no evidence that she participated in planning or organizing the criminal activity, no evidence that she exercised decision-making authority or influenced the exercise of decision-making authority, and no evidence that she had any discretion to perform the acts requested by K.D. In light of these factors and the totality of the circumstances of this case, a Mitigating Role reduction is warranted.

## II. THE APPROPRIATE SENTENCE IN THIS CASE

Citing her role in the conspiracy, the fact that LaQuisha should have known better and the seriousness of the drug problem in the United States, the government has suggested that a sentence of 110 months is appropriate. This request is completely untenable, especially given that Tamara Howell received a sentence of 96 months. In support of the request for 110 months, the United States relies heavily on the accusation that LaQuisha "used her position as an employee of the United States Postal Service," her husband's alleged[1] status as a Crips gang member, and the foreseeability that agreeing to participate in the conspiracy could lead to a significant sentence. However, of note is the fact that LaQuisha's behavior "appears aberrant" considering her

---

[1] LaQuisha emphatically denies that the United States has properly categorized her husband, or that she should be prejudiced merely by her marriage.

"completely clean criminal record." (Pos. Paper at 7). In this sense, the United States is correct, LaQuisha's decision to assist K.D. was completely out of character. The United States fails to appreciate that LaQuisha's personal characteristics heavily influenced her "decision." Her selfless, giving spirit, and desire to always help those in need, coupled with some level of naivete and heavy influence by an individual she had known for half of her young life, shaped this result. The United States also clearly does not appreciate the fact that LaQuisha did not choose to join the conspiracy, it started out as an innocent decision to help a friend who requested her assistance. By the time she realized that she was immersed in something illegal, it was arguably too late. K.D., LaQuisha's friend (and one-time romantic interest) used her to get what he wanted, and LaQuisha received very little benefit, if any. As observed by the United States, she had a "highly sought after federal job, a good salary, a four year degree, and a young child for whom she was the primary caregiver." Pos. Paper at 7. Clearly, there was no real incentive for LaQuisha to get involved, and she was unaware, at least initially, of the implications of providing assistance to her long-time friend. Her decision should not be misconstrued as an intentional attempt to get involved in "massive methamphetamine trafficking operation" and LaQuisha should not be heavily penalized for making a mistake.

In light of the facts of her involvement, LaQuisha's work history, academic history, and lack of criminal history, this Court should impose a sentence which is "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2). The law must "tak[e] into account the real conduct and circumstances involved in sentencing" as well as the defendant's personal history and characteristics. *See* Gall v. United States, 552 U.S. 38, 44 (2007); 18 U.S.C. § 3553(a)(1).

### III.     ADDENDUM TO MOTION FOR DOWNWARD DEPARTURE

A. Post-Offense Efforts at Self-Rehabilitation

As noted in her Sentencing Pleading, LaQuisha is currently participating in what would be a year-long direct support professional training program, which includes on-the-job training to work at House of Hope, an adult residential treatment facility in her community providing care for individuals with intellectual disabilities. She is currently working two shifts per week, both typically overnight, to allow LaQuisha to continue to care for her son and her nephews during the day.

### IV.     CONCLUSION

With the exception of the instant situation, LaQuisha has managed to lead an exemplary life, and almost avoided becoming yet another statistic in a community plagued by drugs, crime, and gang activity. Despite her family circumstances, and her family history, LaQuisha was self-motivated and managed to become a success story, and for her entire adult life, has offered assistance to those who have needed it most. The letters written in her support - all depict a woman committed to helping others and making the world a better place. LaQuisha respectfully prays that this Court will recognize that her circumstances are very different than her co-conspirators, and most defendants in general, and asks that this Court not impose an overly harsh sentence.

A total of no more than sixty months of confinement, with not more than twelve months imprisonment and forty-eight months of probation with a special condition of home confinement is the most appropriate sentence in this case.

Date: May 5, 2021

Respectfully Submitted,                              LAQUISHA MCFRAZIER

/s/ Mary T. Morgan, Esq.
Mary T. Morgan, Esq. VSB No.: 44955
Golightly Mulligan & Morgan, PLC
1244 Perimeter Parkway, Suite 441
Virginia Beach, Virginia 23454
(757) 609-2702
(757) 301-9625 (Facsimile)
mary@golightlylaw.com
*Counsel for LaQuisha McFrazier*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

Andrew Bosse, Esq.
ASSISTANT UNITED STATES ATTORNEY
Eastern District of Virginia, Norfolk Division
101 West Main Street, Suite 8000
Norfolk, Virginia  23510
Phone: (757) 441-6791
Fax: (757) 441-6689
andrew.bosse@usdoj.gov

I FURTHER CERTIFY that I will send the document by electronic mail to the following non-filing user:

Lance J. Hall, Senior U.S. Probation Officer
Special Offender Specialist
UNITED STATES PROBATION OFFICE
District of Eastern Virginia
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
Phone: (757) 223-4669
Fax: (757) 873-5901
Lance_hall@vaep.uscourts.gov

/s/ Mary T. Morgan, Esq.
Mary T. Morgan, Esq. VSB No.: 44955
Golightly Mulligan & Morgan, PLC
1244 Perimeter Parkway, Suite 441
Virginia Beach, Virginia 23454
(757) 609-2702
(757) 301-9625 (Facsimile)
mary@golightlylaw.com
*Counsel for LaQuisha McFrazier*