## THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### *Norfolk Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:20cr11** |
| | ) | |
| **XAVIER HOWELL** | ) | |
| **a/k/a "X,"** | ) | |
| | ) | |
| *Defendant.* | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America respectfully asks the Court to include in its charge to the jury the following instructions and such other instructions as may become appropriate during the course of the trial.

### I.   General Instructions

| No. | Subject | Legal Authority |
|---|---|---|
| 1. | Introduction to the Final Charge – Province of the Court and the Jury | O'Malley (6th ed.) § 12.01 |
| 2. | Judging the Evidence | O'Malley (6th ed.) § 12.02 |
| 3. | Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted | O'Malley (6th ed.) § 12.03 |
| 4. | Direct and Circumstantial Evidence | O'Malley (6th ed.) § 12.04 |
| 5. | Inferences from the Evidence | O'Malley (6th ed.) § 12.05 |
| 6. | Jury's Recollection Controls | O'Malley (6th ed.) § 12.07 |
| 7. | The Question is Not Evidence | O'Malley (6th ed.) § 12.08 |
| 8. | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | O'Malley (6th ed.) § 12.10 |

1

| | | |
|---|---|---|
| 9. | Consider Each Count Separately | O'Malley (6th ed.) § 12.12 |
| 10. | Objections and Rulings | O'Malley (6th ed.) § 11.03 |
| 11. | Court's Comments to Counsel | O'Malley (6th ed.) § 11.04 |
| 12. | Court's Questions to Witnesses | O'Malley (6th ed.) § 11.05 |
| 13. | Court's Comments on Certain Evidence | O'Malley (6th ed.) § 11.06 |
| 14. | Typewritten Transcripts of Recorded Conversations | O'Malley (6th ed.) § 11.10 |
| 15. | The Indictment is Not Evidence | O'Malley (6th ed.) § 13.04 |
| 16. | Specific Investigative Techniques Not Required | Sand § 4.01 Instruction 4-4 |
| 17. | Opinion Evidence – the Expert Witness | O'Malley (6th ed.) § 14.01 |
| 18. | Charts and Summaries Admitted into Evidence | O'Malley (6th ed.) § 14.02 |
| 19. | Statement or Conduct of a Defendant | O'Malley (6th ed.) § 14.03 |
| 20. | False Exculpatory Statements | O'Malley (6th ed.) § 14.06 |
| 21. | Consciousness of Guilt | Ruschky (2018 ed.) at 650 |
| 22. | Eyewitness Identification of the Defendant | O'Malley (6th ed.) § 14.10 |
| 23. | Number of Witnesses Called is Not Controlling | O'Malley (6th ed.) § 14.16 |
| 24. | Credibility of Witnesses – Generally | O'Malley (6th ed.) § 15.01 |
| 25. | Credibility of Witnesses – Law Enforcement Witness | Sand § 7.01 Instruction 7-16 |
| 26. | Credibility of Witnesses – Paid Informant | O'Malley (6th ed.) § 15.02 |
| 27. | Credibility of Witnesses – Drug or Alcohol Abuser | O'Malley (6th ed.) § 15.05 |
| 28. | Credibility of Witnesses – Inconsistent Statement | O'Malley (6th ed.) § 15.06 |
| 29. | Prior Consistent Statements | 3rd Cir. Jury Instr. § 2.15 |
| 30. | Credibility of Witnesses – Conviction of Felony | O'Malley (6th ed.) § 15.07 |
| 31. | Credibility of a Witnesses – Conviction of a Crime of Moral Turpitude | O'Malley (6th ed.) § 15.07 |

| 32. | Credibility of Witnesses – the Defendant's Conviction of a Felony | O'Malley (6th ed.) § 15.08 |
| 33. | Credibility of Witnesses – the Defendant as a Witness | O'Malley (6th ed.) § 15.12 |
| 34. | Effect of the Defendant's Decision Not to Testify | O'Malley (6th ed.) § 15.14 |
| 35. | Rule 404(b) Evidence | Fed. R. Evid. 404(b) |
| 36. | Testimony – Accomplices, Informers, Immunity and Plea Agreements | Case Law |
| 37. | "On/In or About" – Explained | O'Malley (6th ed.) § 13.05 |
| 38. | Approximate Amount – Explained | O'Malley (6th ed.) § 13.06 |
| 39. | "Knowingly" – Defined | O'Malley (6th ed.) § 17.04 |
| 40. | "Willfully" – Defined | O'Malley (6th ed.) § 17.05 |
| 41. | Motive – Explained | O'Malley (6th ed.) § 17.06 |
| 42. | Proof of Knowledge or Intent | O'Malley (6th ed.) § 17.07 |
| 43. | Proof May Be Disjunctive | Case Law |
| 44. | Aiding and Abetting | O'Malley (6th ed.) § 18.01 |
| 45. | Common Scheme or Plan – Evidence of Acts or Declarations of Confederates | O'Malley (6th ed.) § 18.02 |
| 46. | Agent of the Defendant | O'Malley (6th ed.) § 18.03 |
| 47. | Unindicted, Unnamed or Absent Co-Conspirators | 6th Cir. Jury Instr. § 3.06 |

II.   Offenses

**Conspiracy to Manufacture, Distribute and Possess with Intent to Manufacture and Distribute Methamphetamine, 21 U.S.C. § 846 (Count One)**

| 48. | The Nature of the Offense Charge – (Count One) | Superseding Indictment |
| 49. | The Statute Defining the Offense Charged – (Count One) | 21 U.S.C. § 846 |

| 50. | The Essential Elements of the Offense Charged – (Count One) | 5th Cir. Jury Instr. § 2.95 |
|---|---|---|
| 51. | Conspiracy – Existence of an Agreement | O'Malley (6th ed.) § 31.04 |
| 52. | Conspiracy – Membership in an Agreement | O'Malley (6th ed.) § 31.05 |
| 53. | Acts and Declarations of Co-Conspirators | O'Malley (6th ed.) § 31.06 |
| 54. | "Overt Act" – Defined | O'Malley (6th ed.) § 31.07 |
| 55. | Success of Conspiracy Immaterial | O'Malley (6th ed.) § 31.08 |
| 56. | Responsibility for Substantive Offenses | O'Malley (6th ed.) § 31.10 |
| 57. | Length of Conspiracy | Devitt (3d ed) § 27.07 |
| 58. | "To Distribute" – Defined | O'Malley (6th ed.) § 64.04 |
| 59. | "To Possess" – Defined | O'Malley (6th ed.) § 64.08 |
| 60. | "With Intent to Distribute" – Defined | O'Malley (6th ed.) § 64.09 |
| 61. | Manufacture – Defined | 21 U.S.C. § 802(15) |
| 62. | "A Controlled Substance" – Defined | O'Malley (6th ed.) § 64.13 |
| 63. | "Ice" – Defined | U.S.S.G. § 2D1.1 |
| 64. | Actual or Exact Amount of Controlled Substance Need Not Be Proven | O'Malley (6th ed.) § 64.14 |
| 65. | Knowledge of Precise Controlled Substance Need Not Be Proven | O'Malley (6th ed.) § 64.15 |
| 66. | Proof of "Controlled Substance" | Case Law |
| 67. | Special Findings on the Quantity of Controlled Substances | Case Law |
| 68. | Drug Quantity Attributable to a Defendant | Case Law |

**Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts Two and Three)**

| 69. | The Nature of the Offense Charged – Counts Two and Three | Superseding Indictment |
|---|---|---|

| 70. | The Statute Defining the Offense Charged – Counts Two and Three | 21 U.S.C. § 841(a)(1) |
| 71. | The Essential Elements of the Offense Charged – Counts Two and Three | O'Malley (6th ed.) § 64.03 |

**Conspiracy to Launder Money, 18 U.S.C. § 1956(h) (Count Four)**

| 72. | Nature of the Offense Charged - Count Four | Superseding Indictment |
| 73. | Statute Defining the Offense Charged – Count Four | 18 U.S.C. § 1956 |
| 74. | Essential Elements of the Offense Charged – Count Four | 5th Cir. Jury Instr. § 2.76C |
| 75. | Conspiracy to Launder Money – Existence of an Agreement | O'Malley (6th ed.) § 31.04 |
| 76. | Conspiracy – Membership in an Agreement | O'Malley (6th ed.) § 31.05 |
| 77. | Various Terms – Explained | 18 U.S.C. § 1956 |
| 78. | "Specified Unlawful Activity" – Explained | Sand Instruction 50A-8 |
| 79. | Knowledge that Property was Proceeds of Unlawful Activity | Sand Instruction 50A-9 |
| 80. | Knowledge that Transaction was Designed to Conceal Origin of Property | Sand Instruction 50A-10 |

III. Closing Instructions

| 81. | Caution – Punishment | 11th Cir. Jury Instr. § B10.4 |
| 82. | Use of Notes | O'Malley (6th ed.) § 10.04 |
| 83. | Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | O'Malley (6th ed.) § 20.01 |

Respectfully submitted,

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By:            /s/
           Andrew Bosse
           Amanda L. Turner
           Assistant United States Attorneys
           Attorneys for the United States
           United States Attorney's Office
           101 West Main Street, Suite 8000
           Norfolk, Virginia 23510
           Office Number - 757-441-6331
           Facsimile Number - 757-441-6689
           Email Address – andrew.bosse@usdoj.gov
           Email Address – amanda.turner@usdoj.gov

6

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2021, I electronically filed the foregoing Government's Proposed Jury Instructions and Proposed Special Verdict Form with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Andrew Bosse
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
Email Address – andrew.bosse@usdoj.gov

INSTRUCTION NO.  1

**INTRODUCTION TO THE FINAL CHARGE – PROVINCE OF THE COURT AND OF THE JURY**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.   If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the Superseding Indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.01 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  2

**JUDGING THE EVIDENCE**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.   You are expected to use your good sense in considering and evaluating the evidence in the case.   Use the evidence only for those purposes for which it has been received and give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If a defendant be proved guilty beyond a reasonable doubt, say so.   If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.02 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  3

**EVIDENCE RECEIVED IN THE CASE – STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received in evidence – regardless of who may have produced them – as well as all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

If the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.   You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (6th ed. 2021), *available at* Westlaw, modified in part, to correct misstatements in publication that the jury is "not required to" accept a stipulation or agreement as to the existence of a fact, or judicial notice of certain facts or events, as evidence; *see also* 1-5 L. Sand *et al.*, <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 5.02, Instruction 5-6 (2018) *available at* LexisNexis.

INSTRUCTION NO.  4

**<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.   Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.   Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.   The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  5

**INFERENCES FROM THE EVIDENCE**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.05 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  6

**JURY'S RECOLLECTION CONTROLS**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.07 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  7

**THE QUESTION IS NOT EVIDENCE**

The questions asked by a lawyer for any party to this case are not evidence.   If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.   Only the answers are evidence.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.08 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO. 8

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT**

The law presumes a defendant to be innocent of crime.  Thus, the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" – with no evidence against him or her.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of a defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden of proof is upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.   The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must acquit.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 12.10 (6th ed. 2021), *available at* Westlaw (modified), amended to conform with present state of law that no specific definition of reasonable doubt be given.  *See United States v. Walton*, 207 F.3d 694, 695 (4th Cir.), *cert. denied* 531 U.S. 865, 121 S.Ct. 158, 148 L.Ed.2d 106 (2000); *United States v. Reives*, 15 F.3d 42, 45 (4th Cir.1994); *United States v. Headspeth*, 852 F.2d 753, 755 (4th Cir. 1988); *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987); *United States v. Valezquez*, 847 F.2d 140, 142-43 (4th Cir. 1988); *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir. 1987); *United States v. Love*, 767 F.2d 1052, 1060 (4th Cir. 1985); *United States v. Moss*, 756 F.2d 329 (4th Cir. 1985).

INSTRUCTION NO.  9

**CONSIDER EACH COUNT SEPARATELY**

A separate crime is charged in each count of the Superseding Indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO. 10

**<u>OBJECTIONS AND RULINGS</u>**

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards.   It is the sworn duty of the attorney on each side of the case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.   Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.   I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 11.03 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  11

**COURT'S COMMENTS TO COUNSEL**

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the court may have been addressed during the trial of this case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 11.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  12

**COURT'S QUESTIONS TO WITNESSES**

During the course of a trial, I may occasionally ask questions of a witness.   Do not assume that I hold any opinion on the matters to which my questions may relate.   The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.05 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  13

**COURT'S COMMENTS ON CERTAIN EVIDENCE**

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  14

**TYPEWRITTEN TRANSCRIPTS OF RECORDED CONVERSATIONS**

Audio and video recordings of conversations have been received in evidence and have been played for you.   Typewritten transcripts of these audio and video recorded conversations have been furnished to you.   These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The recordings themselves are evidence in the case and the typewritten transcripts are not evidence.   What you hear on the recordings is evidence.   What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the transcripts.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 11.10 (6th ed. 2021), *available at* Westlaw (modified).

23

INSTRUCTION NO.  15

**THE INDICTMENT IS NOT EVIDENCE**

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against a defendant.  The defendant is presumed to be innocent of the crimes charged.  Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "not guilty" to this indictment and, therefore, denies that he is guilty of the charges.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  16

**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.   You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any specific investigative techniques to prove its case.   Law enforcement techniques are not your concern.

I am sure that at least one of you has seen the popular TV shows, CSI or Law & Order. The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial.   Witness testimony may be sufficient to establish the charges in this case.   Specific investigative techniques, such as DNA and fingerprints, are not required to be presented in order for you to find the defendant guilty of the charges in this case.   Please dismiss from your deliberations in consideration of the appropriate verdict in this case, any investigative techniques which you may have seen on TV or in the movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

AUTHORITY:    1-4 L. Sand *et al.*, Modern Federal Jury Instructions-Criminal, ¶ 4.01, Instruction 4-4 (2016), *available at* LexisNexis (modified); *United States v. Mason*, 954 F.2d 219, 222 (4th Cir. 1992) (there is no legal requirement that the government use any of these specific investigative techniques to prove its case – an attempt to take fingerprints or to do any particular scientific test).

INSTRUCTION NO.  17

**OPINION EVIDENCE – THE EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.   An exception to this rule exists as to those persons who are described as "expert witnesses."   An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.   If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.   You should consider the testimony of expert witnesses just as you consider other evidence in this case.   If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.01 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  18

**<u>CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE</u>**

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.02 (6th ed. 2021), *available at* Westlaw.

27

INSTRUCTION NO.  19

**<u>STATEMENT OR CONDUCT OF A DEFENDANT</u>**

Evidence relating to any alleged statement, confession, or admission, or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care.   All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, admission, act or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his or her treatment while in custody or under interrogation as shown by all of the evidence in the case.   Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession, admission, act or omission was made or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 14.03 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  20

**FALSE EXCULPATORY STATEMENTS**

Statements knowingly and voluntarily made by a defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons – fully consistent with innocence – that could cause a person to give a false statement showing that he did not commit a crime.  Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO. 21

**<u>CONSCIOUSNESS OF GUILT</u>**

You may consider evidence that the defendant did, or attempted to, fabricate or suppress evidence, as showing consciousness of guilt.  This evidence alone is not sufficient to establish guilt, and the significance to be attached is a matter for you, the jury, to determine.

You may consider, as evidence of consciousness of guilt, a specific statement made by the defendant denying guilt or involvement, if you find that the statement was not true.

Conduct of a defendant, including statements knowingly made and acts knowingly done, upon being informed of the crime that has been committed or upon being confronted with criminal charges, may be considered by the jury in light of all the evidence in the case in determining the guilt or innocence of the defendant. When a defendant voluntarily and intentionally offers an explanation and makes some statement tending to show his innocence and the explanation of the statement later is shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt.

Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or a statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.

A statement or an act is knowingly made or done if made voluntarily and intentionally and not because of mistake or accident or other innocent reason.

<u>AUTHORITY</u>:   Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, Final Instructions Section F at 650 (2018 Online Edition); s*ee United States v. Billups*, 692 F.2d 320, 329-30 (4th Cir. 1982); *United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981); *United States v. Cogdell*, 844 F.2d 179, 181 (4th Cir. 1988), *abrogated on other grounds by Brogan v. United States*, 522 U.S. 398 (1998) ("exculpatory no" doctrine) (instruction taken from Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 15.12 (3d ed. 1987); *United States v. Young*, 248 F.3d 260, 273 (4th Cir. 2001) (citing *United States v. Hughes*, 716 F.2d 234 (4th Cir. 1983)) (a defendant's pattern of false explanations and fabrication of evidence may be considered by a jury in determining guilt); *United States v. Abney*, 508 F.2d 1285, 1286 (4th Cir. 1975) (testimony concerning an attempted fabrication of an alibi is itself some affirmative evidence of guilt); *United States v. Nusraty*, 867 F.2d 759, 765 (2d Cir. 1989) (false exculpatory statements are not admissible as evidence of guilt, but rather as evidence of consciousness of guilt).

INSTRUCTION NO.  22

**<u>EYEWITNESS IDENTIFICATION OF THE DEFENDANT</u>**

An important issue in this case is the identification of the defendant as the person who committed the crimes charged in the Superseding Indictment.   The government, as you know, has the burden of proving every issue, including identity, beyond a reasonable doubt.   Although it is not essential that the witness testifying about the identification himself or herself be free from all doubt as to the accuracy or correctness of the identification, the jury must be satisfied beyond a reasonable doubt that the defendant is the same person who committed the crimes charged in the Superseding Indictment.   If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crimes charged in the Superseding Indictment, you must find the defendant not guilty.

Identification testimony is, in essence, the expression of an opinion or a belief by the witness.   The value of the identification depends upon the opportunity that the witness had to observe the person who committed the crime at the time of the offense and the opportunity to make a reliable identification at a later time.

In judging the identification testimony of any witness, you should consider at least the following questions:

1.   Are you convinced that the witness had the ability and an adequate opportunity to observe the person who committed the crime charged?

Whether the witness had an adequate opportunity to observe the person committing the offense at the time of the offense will be affected by many things, including the length of the observation, the distance between the witness and the person observed, the lighting conditions, and whether the witness knew the person from some prior experience.

2.   Are you convinced that the identification by the witness after the offense was

committed was the product of his or her own recollection?

In making this determination you may take into account both the strength of the later identification and the circumstances under which the later identification was made.

If the identification by the witness was influenced by circumstances under which the identification was made, you should examine that identification with great care.  You may wish to consider the length of time that had elapsed between the commission of the crime and the later opportunity of the witness to observe the defendant.

You may consider that an identification made by pointing out a defendant from a group of similar individuals is generally more reliable than an identification which results from a presentation of the defendant alone to the witness.

3.   Has the witness failed to identify the defendant on a prior opportunity or has the witness identified someone else as the person who committed the offense charged?

You should examine and consider the credibility of any witness making an identification in the same manner as you would any other witness.

The burden of proving the identity of a defendant as the person who committed the crimes charged in the indictment rests totally with the government.  The government must prove the identity of the defendant as the person who committed the crimes charged beyond a reasonable doubt.  If after examining all of the evidence, you have a reasonable doubt as to whether a defendant was the individual who committed the crimes charged against him, you should find the defendant not guilty.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.10 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  23

## NUMBER OF WITNESSES CALLED IS NOT CONTROLLING

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

AUTHORITY:    1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 14.16 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  24

## **CREDIBILITY OF WITNESSES – GENERALLY**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.01 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO. 25

**<u>CREDIBILITY OF WITNESSES – LAW ENFORCEMENT WITNESS</u>**

You have heard the testimony of law enforcement officers.   The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

<u>AUTHORITY</u>:    1-7 L. Sand *et al.*, <u>Modern Federal Jury Instructions-Criminal</u>, ¶ 7.01, Instruction 7-16 (2019), *available at* LexisNexis (modified).

INSTRUCTION NO.  26

**<u>CREDIBILITY OF WITNESSES – INFORMANT</u>**

The testimony of an informant, someone who provides evidence against someone else for money or to escape punishment for his or her own misdeeds or crimes or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The jury must determine whether the informant's testimony has been affected by self-interest, or by the agreement he or she has with the government, or his or her own interest in the outcome of this case, or by prejudice against the defendant.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.02 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  27

## **CREDIBILITY OF WITNESSES – DRUG OR ALCOHOL ABUSER**

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.05 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  28

**CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENT (*FALSUS IN UNO FALSUS IN OMNIBUS*)**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.   It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  29

**<u>PRIOR CONSISTENT STATEMENTS</u>**

You have heard evidence that, before he or she testified in this trial, a witness made statements that were the same as, or similar to, what he or she said in the courtroom.   You may consider evidence of this statement in determining the facts of this case.   In addition, this evidence may help you decide whether you believe the witness's testimony.   If the witness said essentially the same thing before trial, it may be reason for you to believe the witness's testimony in court.

<u>AUTHORITY</u>:   Mod. Crim. Jury Instr. 3rd Cir. 2.15 (2018), *available at* Westlaw.

INSTRUCTION NO.  30

**<u>CREDIBILITY OF WITNESSES – CONVICTION OF FELONY</u>**

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

<u>AUTHORITY</u>: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.07 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  31

## CREDIBILITY OF WITNESSES – CONVICTION OF A CRIME OF MORAL TURPITUDE

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a crime of moral turpitude.   Moral turpitude is a crime that involves lying, cheating or stealing.

Prior conviction of a crime of moral turpitude is one of the circumstances which you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a crime of moral turpitude.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.07 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO.  32

## **CREDIBILITY OF WITNESSES – A DEFENDANT'S CONVICTION OF A FELONY**

Evidence that the defendant has been convicted of a felony is one of the circumstances which you may consider in determining the credibility of the defendant as a witness.   Evidence of such an earlier conviction, however, must never be considered by you as evidence of any kind of the guilt of the crime for which the defendant is now on trial.   You are specifically forbidden to use this kind of evidence for that purpose.   In other words, you may not use evidence of the earlier conviction in determining whether or not the defendant committed the crimes charged in the Superseding Indictment.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.08 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  33

**CREDIBILITY OF WITNESSES – A DEFENDANT AS A WITNESS**

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness in this case.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 15.12 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  34

## **EFFECT OF A DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has an absolute right under our constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.   No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 15.14 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  35

**RULE 404(b) EVIDENCE**

You have heard evidence that the defendant engaged in certain misconduct in the past. The law allows this kind of evidence for certain limited purposes.  For example, such evidence may be properly considered to prove a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Please keep in mind the limited purpose for which this evidence was admitted.  More importantly, do not conclude from this evidence that a defendant allegedly engaged in past misconduct that he is more likely to have committed the crimes with which he is now charged.

AUTHORITY:  Fed. R. Evid. 404(b); Horn's Federal Criminal Jury Instructions for the Fourth Circuit, § 4.13 (2001).

47

INSTRUCTION NO.  36

**<u>TESTIMONY – ACCOMPLICES, INFORMERS, AND IMMUNITY</u>**

In this case, the government called as witnesses alleged accomplices, with whom the government has entered into immunity agreements.   Such agreements are common and have been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has received immunity, does not thereby become incompetent as a witness.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   However, the jury should keep in mind that such testimony is always received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt; and the fact that a person has entered into an immunity agreement is not evidence, in and of itself, of the guilt of any other person.

<u>AUTHORITY</u>: *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976); *United States v. Stulga*, 584 F.2d 1421 (6th Cir. 1978).   *See also*, Model Manual of Criminal Instructions for the Ninth Circuit, § 4.9 (2010).

INSTRUCTION NO.  37

**"ON/IN OR ABOUT" – EXPLAINED**

The Superseding Indictment charges that the offenses alleged were committed "on/in or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that an offense was committed on a date or dates reasonably near those alleged, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.05 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO.  38

**APPROXIMATE AMOUNT—EXPLAINED**

The Superseding Indictment alleges that an approximate amount of money, property, and/or controlled substances were involved in the crimes charged.

It is not necessary for the government to prove the exact or precise amount of money, property, or controlled substances alleged in the Superseding Indictment.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 13.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  39

**<u>"KNOWINGLY" – DEFINED</u>**

The term "knowingly," as used in these instructions to describe the alleged state of mind of a defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

<u>AUTHORITY</u>:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  40

**"WILLFULLY" – DEFINED**

The term "willfully," as used in these instructions to describe the alleged state of mind of a defendant, means that he knowingly performed an act deliberately and intentionally, as contrasted with accidentally, carelessly, or unintentionally.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.05 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  41

**MOTIVE – EXPLAINED**

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.   Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.   These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.   The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  42

**PROOF OF KNOWLEDGE OR INTENT**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 17.07 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO. 43

**PROOF MAY BE DISJUNCTIVE**

The Court instructs the jury that although the Superseding Indictment may charge the defendant with committing an offense in several ways, using conjunctive language (that is, "and"), it is sufficient if the government proves the offense in the disjunctive (that is, "or").   That is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

Therefore, I instruct you that it is not necessary for the government to prove that a defendant did each of those things named in that particular count of the Superseding Indictment. It is sufficient if the government proves beyond a reasonable doubt that a defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed by a defendant, and that every element of the offense has been proven beyond a reasonable doubt.

AUTHORITY:   *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) (where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and the jury instruction may be properly framed in the disjunctive); *United States v. Rhynes*, 196 F.3d 207, 242, (4th Cir. 1999), *aff'd in part, reh'g en banc on other grounds*, 218 F.3d 310 (2000) (when a statute is worded in the disjunctive, federal pleading requires the government to charge in the conjunctive, but the district court can instruct the jury in the disjunctive).

INSTRUCTION NO.  44

## **AIDING AND ABETTING**

A person may violate the law even though he does not personally do each and every act constituting the offense if that person "aided and abetted" the commission of the offense.   Section 2(a) of Title 18 of the United States Code provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Before a defendant may be held responsible for aiding and abetting others in the commission of a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant knowingly and deliberately associated himself in some way with the crime charged and participated in it with the intent to commit the crime.

In order to be found guilty of aiding and abetting the commission of the crimes charged in the Superseding Indictment, the government must prove beyond a reasonable doubt that the defendant:

One, knew that the crime charged was to be committed or was being committed,

Two, knowingly did some act for the purpose of aiding, commanding, or encouraging the commission of that crime, and

Three, acted with the intention of causing the crime charged to be committed.

Before a defendant may be found guilty as an aider or an abettor to the crime, the government must also prove, beyond a reasonable doubt, that some person or persons committed each of the essential elements of the offense charged as detailed for you in these instructions.

Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct for the jury to find that a defendant aided and abetted the commission of that crime.

The government must prove that a defendant knowingly and deliberately associated himself with the crime in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 18.01 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  45

**COMMON SCHEME OR PLAN – EVIDENCE OF ACTS OR DECLARATIONS OF CONFEDERATES**

When two or more persons knowingly associate themselves together to carry out a common plan or arrangement and intend either to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, there arises from that association a kind of partnership in which each member becomes the agent of every other member.

So if you find that the evidence in the case shows such a common plan or arrangement, then an act knowingly done or a statement knowingly made by a member, while the common plan or arrangement is continuing and done or made in furtherance of some object or purpose thereof, is admissible against all of the members.

In order to establish that such a common plan or arrangement existed, the evidence must show that the parties to the plan or arrangement in some way or manner came to a mutual understanding to accomplish some common object or purpose.

In order to establish that a defendant or any other person was a party to or a member of such a common plan or arrangement, the evidence must show that the plan was knowingly formed and that the defendant, or other person who is alleged to have been a member of it, knowingly participated in it intending to advance or further some common object or purpose of the plan or arrangement.

In determining whether or not a defendant or any other person was a party to or a member of such a common plan or arrangement, the jury is not to consider what others may have said or done.   The membership of a defendant or any other person in such a common plan or arrangement, in other words, must be established by evidence as to his or her own conduct – what he himself knowingly said or knowingly did.

If, and only if, it appears from such evidence in the case that a common plan or arrangement did exist, and that a defendant was one of the members of the plan or arrangement, then the acts and statements by any person likewise found to be a member may be considered by the jury as evidence in the case as to the defendant found to have been a member.   This is true even though the acts and statements may have occurred in the absence of and without the knowledge of the defendant, provided that such acts and statements were knowingly done or knowingly made during the existence of the common plan or arrangement and in furtherance of some intended object or purpose of the plan or arrangement.

Otherwise any admission or incriminatory statement made or act done by one person outside of court may not be considered as evidence against any person who was not present and saw the act done or heard the statement made.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 18.02 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  46

**AGENT OF A DEFENDANT**

It is not necessary for the government to prove that the defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another, acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 18.03 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  47

## UNINDICTED, UNNAMED OR ABSENT CO-CONSPIRATORS

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other co-conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

AUTHORITY:   Pattern Crim. Jury Instr. 6th Cir. § 3.06 (2019 ed.), *available at* Westlaw.

INSTRUCTION NO. 48

**THE NATURE OF THE OFFENSE CHARGED: COUNT ONE**

Count One of the Superseding Indictment charges that beginning in or about early 2019 and continuing thereafter until on or about November 26, 2019, within the Eastern District of Virginia and elsewhere, the defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," and Tamara Latisha Howell, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to knowingly and intentionally manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

AUTHORITY:   Superseding Indictment.

INSTRUCTION NO.  49

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT ONE**

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substance laws of the United States.   In this case, the defendant is charged with conspiring to manufacture, distribute, or possess with intent to manufacture or distribute methamphetamine.

AUTHORITY:   Title 21, United States Code, Section 846.

INSTRUCTION NO.  50

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT ONE**

In order to sustain its burden of proof for the crime of conspiracy to manufacture, distribute and possess with intent to manufacture and distribute methamphetamine as charged in Count One of the Superseding Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

First:   that the defendant, directly or indirectly, agreed with at least one other person to manufacture, and/or distribute, and/or possess with intent to manufacture, and/or possess with intent to distribute, a controlled substance;

Second:   that the defendant knew of the unlawful purpose of the agreement; and

Third:   that the defendant joined the agreement knowingly and voluntarily, that is, with the intent to further its unlawful purpose.

AUTHORITY:   Pattern Crim. Jury Instr. 5th Cir. 2.95 (2015), *available at* Westlaw (modified); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Aquayo-Delgado*, 220 F.3d 926 (8th Cir. 2000); *United States v. Sheppard*, 219 F.3d 766 (8th Cir. 2000); *United States v. Hickman*, 626 F.3d 756, 763 (4th Cir. 2010); *United States v. Kellam*, 568 F.3d 125, 139 (4th Cir. 2009).

INSTRUCTION NO.  51

**<u>CONSPIRACY – EXISTENCE OF AN AGREEMENT</u>**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.   A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action as alleged in the Superseding Indictment.   It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charge contained in the Superseding Indictment.

<u>AUTHORITY</u>:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  52

## CONSPIRACY – MEMBERSHIP IN AN AGREEMENT

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in the Superseding Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to manufacture, distribute and possess with intent to manufacture and distribute methamphetamine, as alleged in Count One of the Superseding Indictment, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

AUTHORITY:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 31.05 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  53

## **ACTS AND DECLARATIONS OF CO-CONSPIRATORS**

Evidence has been received in this case that certain persons, who are alleged to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the conspiracy charged in the Superseding Indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

Acts done or statements made by an alleged co-conspirator before the defendant joined a conspiracy may also be considered by you in determining whether the government has sustained its burden of proof as to Count One of the Superseding Indictment.   Acts done or statements made before an alleged conspiracy began or after an alleged conspiracy ended, however, may only be considered by you regarding the person who performed that act or made that statement.

AUTHORITY:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.06 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  54

**"OVERT ACT" – DEFINED**

The term "overt act" means some type of outward, objective action performed by one of the parties to, or one of the members of, the agreement or conspiracy which evidences that agreement.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

AUTHORITY: 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.07 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO.  55

**<u>SUCCESS OF CONSPIRACY IMMATERIAL</u>**

The government is not required to prove that the parties to or members of the agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

<u>AUTHORITY</u>:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 31.08 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  56

**<u>RESPONSIBILITY FOR SUBSTANTIVE OFFENSES</u>**

There are two ways that the government can prove a particular defendant guilty of the substantive crimes charged in the Superseding Indictment.   The first is by proving that the defendant himself personally committed, participated in, or aided and abetted the individual crime. The second is based on the legal rule that all members of a conspiracy are responsible for the acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonable foreseeable scope of the agreement.

In other words, under certain circumstances, the act of one conspirator may be treated as the act of all.   This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.   In other words, a member of a conspiracy who commits a crime during the existence or life of the conspiracy and commits the crime in order to further or somehow advance the goals or objectives of the conspiracy may be considered by you to be acting as the agent of the other members of the conspiracy.   The illegal actions of this conspirator in committing the substantive crime may be attributed to other individuals who are, at the time, members of the conspiracy, so long as the commission of that substantive crime was reasonably foreseeable to those other individuals and was within the scope of the conspiracy agreed upon by those individuals.   Under certain conditions, therefore, a defendant may be found guilty of a substantive crime even though he did not participate directly in the acts constituting that offense.

AUTHORITY:  *Pinkerton v. United States*, 328 U.S. 640 (1946); 2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 31.10 (6th ed. 2021), *available at* Westlaw (modified); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 21 U.S.C. § 846 (2018 Online Edition) (modified).

INSTRUCTION NO.  57

**LENGTH OF CONSPIRACY**

  The Court further instructs the jury that if you find that the conspiracy charged in Count One of the Superseding Indictment existed, it is not essential that the Government prove it began or ended in or on a specific date.   It is sufficient if you find that the conspiracy was formed and existed for some time within or around the period alleged in the Superseding Indictment.

AUTHORITY: Devitt and Blackmar, *Federal Jury Practice and Instructions* §§ 27.07 and 27.09 (3d ed. 1977) (modified).

INSTRUCTION NO.  58

**"TO DISTRIBUTE" – DEFINED**

The term "to distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.

The term "to distribute" includes the sale of something by one person to another.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 64.04 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  59

**"TO POSSESS" – DEFINED**

The term "to possess" means to exercise control or authority over something at a given time.   There are several types of possession – constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.   The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively, which is called sole possession, or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 64.08 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  60

**"WITH INTENT TO DISTRIBUTE" – DEFINED**

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 64.09 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  61

**MANUFACTURE - DEFINED**

The term "manufacture" means the production, preparation, propagation, compounding, or processing of a drug or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container; except that such term does not include the preparation, compounding, packaging, or labeling of a drug or other substance in conformity with applicable state or local law by a practitioner as an incident to his administration or dispensing of such drug or substance in the course of his professional practice.

The government must prove, beyond a reasonable doubt, that the defendant intended to manufacture or distribute the controlled substance alleged in the Superseding Indictment.

AUTHORITY:   Title 21, United States Code, Section 802(15).

INSTRUCTION NO.  62

**"A CONTROLLED SUBSTANCE" – DEFINED**

You are instructed, as a matter of law, that methamphetamine is a controlled substance.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the defendant conspired to manufacture, distribute, or possess with intent to manufacture or distribute methamphetamine.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 64.13 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  63

**"ICE" – DEFINED**

"Ice," as that term is used in the Superseding Indictment, refers to a particular type of high-purity methamphetamine, namely d-methamphetamine hydrochloride of at least 80% purity.

AUTHORITY:   U.S.S.G. § 2D1.1 Notes to Drug Quantity Table C.

INSTRUCTION NO.  64

**<u>ACTUAL OR EXACT AMOUNT OF CONTROLLED SUBSTANCE NEED NOT BE
PROVEN</u>**

The evidence received in this case need not prove the actual amount of the controlled substance that was part of the alleged transaction or that the exact amount of the controlled substance alleged in the Superseding Indictment was the object of the conspiracy to manufacture, distribute, or possess with the intent to manufacture or distribute by the defendant.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, the object of the conspiracy to knowingly and intentionally manufacture, distribute, or possess with the intent to manufacture or distribute.

<u>AUTHORITY</u>:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 64.14 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO. 65

**<u>KNOWLEDGE OF PRECISE CONTROLLED SUBSTANCE NEED NOT BE PROVEN</u>**

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance that was manufactured, distributed, or possessed with the intent to manufacture or distribute.

The government must prove beyond a reasonable doubt, however, that the defendant did know that some type of controlled substance was manufactured, distributed, or possessed with the intent to manufacture or distribute.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, § 64.15 (6th ed. 2021), *available at* Westlaw.

INSTRUCTION NO.  66

**<u>PROOF OF "CONTROLLED SUBSTANCE"</u>**

The government is required to prove that the substance involved in this case was, in fact, a "controlled substance."

In determining whether the government has satisfied its burden of proof on this element, you may consider lay testimony and any relevant circumstantial evidence.  Such circumstantial proof may include evidence of the physical appearance of the substance involved in this case, evidence that the substance produced the expected effects when sampled by someone familiar with the illicit drug, evidence that the substance was used in the same manner as the illicit drug, testimony that a high price was paid in cash for the substance, evidence that transactions involving the substance were carried on with secrecy or deviousness, and evidence that the substance was called by the name of the illegal narcotic by the defendant or others.

I further instruct that neither expert chemical analysis nor expert testimony is necessary for you to conclude that the substance involved in this case was in fact, a "controlled substance."

**AUTHORITY**:   *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976); *see also United States v. Scott*, 725 F.2d 43 (4th Cir. 1984).

INSTRUCTION NO.  67

**<u>SPECIAL FINDINGS ON THE QUANTITY OF CONTROLLED SUBSTANCES</u>**

In this case, with regards to the offense charged in Count One of the Superseding Indictment, if you find the defendant guilty, you should then proceed to decide the total amount of controlled substances that were involved in this case and that are attributable to the defendant. You do not need to find an exact amount, but rather a threshold amount.   The threshold levels will be set forth on the special verdict form you will receive for your deliberations.

<u>AUTHORITY:</u>   Instruction in light of *Apprendi v. United States*, 530 U.S. 466 (2000); Developed from Horn's Federal Criminal Jury Instructions for the Fourth Circuit § 2.14 (2001); 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions § 20.05 (6th ed. 2014); *United States v. Aguayo-Delgado*, 220 F.3d 926 (8th Cir. 2000); and Horn, Fourth Circuit Criminal Handbook § 115 (2011).

INSTRUCTION NO.  68

## DRUG QUANTITY ATTRIBUTABLE TO A DEFENDANT

If you find the defendant guilty, then for purposes of the question regarding drug weights on the verdict form, your task is not to determine the amount of controlled substances attributable to the entire conspiracy.   Instead, your task is to determine the amount of controlled substances – here, methamphetamine – attributable to the defendant as a co-conspirator.

You are instructed that the defendant is accountable for the quantity of controlled substances that he personally manufactured, distributed, or possessed with intent to manufacture or distribute, or that he could reasonably foresee that others would manufacture, distribute, or possess with intent to manufacture or distribute during and in furtherance of the conspiracy.

AUTHORITY:   *United States v. Brooks*, 524 F.3d 549, 558 (4th Cir. 2008); *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005).

INSTRUCTION NO.  69

## THE NATURE OF THE OFFENSE CHARGED – COUNTS TWO AND THREE

Count Two of the Superseding Indictment charges that on or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendant, Xavier Howell, a/k/a "X," did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

Count Three of the Superseding Indictment charges that on or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendant, Xavier Howell, a/k/a "X," did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

AUTHORITY:   Superseding Indictment.

83

INSTRUCTION NO.  70

**THE STATUTE DEFINING THE OFFENSE CHARGED – COUNTS TWO AND THREE**

Section 841(a)(1) of Title 21 of the United States Code provides, in part, that:

(a) . . . It shall be unlawful for any person knowingly or intentionally –

    (1)   to . . . distribute, . . . or possess with intent to . . . distribute . . .

a controlled substance . . .

AUTHORITY:   Title 21, United States Code, Section 841(a)(1).

INSTRUCTION NO.  71

## THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNTS TWO AND THREE

In order to sustain its burden of proof for the crime of possession with intent to distribute methamphetamine as charged in Counts Two and Three of the Superseding Indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

One:   that the defendant knowingly and intentionally possessed with intent to distribute the controlled substance described in counts two and three of the superseding indictment; and

Two:   that at the time of such possession with intent to distribute, the defendant knew that the substance in question was a controlled substance.

AUTHORITY:   2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 64.03 (6th ed. 2019), *available at* Westlaw (modified); 3-56 L. Sand *et al.*, Modern Federal Jury Instructions-Criminal, ¶ 56.01, Instruction 56-2 (2018), *available at* LexisNexis (modified); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 21 U.S.C. § 841 (2018 Online Edition) (modified).

INSTRUCTION NO.  72

**THE NATURE OF THE OFFENSE CHARGED - COUNT FOUR**

From in or about early 2019 and continuing thereafter until in or about December 2019, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, the defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons, known and unknown to the Grand Jury, to commit the following offenses:

The defendants, XAVIER HOWELL, DAY, HOWARD, and MCFRAZIER, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity—namely, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine, as set forth and charged in Count One of this Superseding Indictment—did knowingly conduct and attempt to conduct such financial transaction:

(a)     with the intent to promote the carrying on of specified unlawful activity, that is, the conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine set forth and charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(l)(A)(i); and

(b)     knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity, that is, the conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine set forth and charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i).

AUTHORITY:   Superseding Indictment.

INSTRUCTION NO.  73

## THE STATUTE DEFINING THE OFFENSE CHARGED - COUNT FOUR

Section 1956(h) of Title 18 of the United States Code provides, in part, that:

Any person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Sections 1956(a)(1)(A)(i) and (B)(i) of Title 18 of the United States Code are two such offenses.   Section 1956(a)(1)(A)(i) provides, in part, that:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity . . . shall be guilty of an offense against the United States.

Section 1956(a)(1)B)(i) provides in part, that:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds or specified unlawful activity . . . shall be guilty of an offense against the United States.

AUTHORITY:   Title 18, United States Code, Section 1956.

INSTRUCTION NO. 74

**ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT FOUR**

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:     that the defendant and at least one other person made an agreement to commit the crime of promotional money laundering or concealment money laundering;

Second:   that the defendant knew the unlawful purpose of the agreement; and

Third:    that the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

AUTHORITY: Pattern Crim. Jury Instr. 5th Cir. 2.76C (2019) (Amended).

INSTRUCTION NO.  75

**CONSPIRACY TO LAUNDER MONEY - EXISTENCE OF AN AGREEMENT**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action.   A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate the law by means of some common plan or course of action as alleged in the Superseding Indictment.

The Superseding Indictment alleges that the defendant conspired to launder money.   It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

The Superseding Indictment alleges that the defendant conspired to launder money by conducting financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is, conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute controlled substances, (a) with the intent to promote the carrying on of that specified unlawful activity; and/or (b) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, and knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

Although you must unanimously agree that the defendant conspired to launder money, the government is not required to prove more than one of the objects of the conspiracy.   If you

unanimously find beyond a reasonable doubt that the defendant conspired to launder money so as to:

    1.    Promote the carrying on of the specified unlawful activity; or

    2.    Conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, then you may convict the defendant of conspiracy to launder money as charged in the Superseding Indictment.

AUTHORITY:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.04 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO.  76

**CONSPIRACY – MEMBERSHIP IN AN AGREEMENT**

Before the jury may find that a defendant, or any other person, became a member of the conspiracy charged in Count Four of the Superseding Indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to launder money, as alleged in Count Four of the Superseding Indictment, the fact that a defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

AUTHORITY:   2 Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 31.04 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO.  77

## **<u>VARIOUS TERMS –EXPLAINED</u>**

The money laundering statute makes it illegal to conduct a financial transaction involving the proceeds of certain kinds of criminal activity.  Now I would like to explain some of these terms to you.

The term "conducts" includes initiating, concluding, or participating in the accomplishment or carrying out of a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of property, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means.

The term "financial transaction" means a transaction involving a financial institution which is engaged in, or which in any way or degree affects interstate or foreign commerce or involves the movement of funds by wire or other means, or involves one or more monetary instruments.

The term "monetary instruments" means coins or currency of the United States or of any other country, personal checks, bank checks, or money orders.

The term "financial institution" includes, for example, commercial banks, trust companies, and credit unions.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as a result of the commission of a specified unlawful activity, such as conspiracy to distribute and possess with intent to distribute controlled substances.  Proceeds can be any kind of property, not just money.

<u>AUTHORITY</u>:   18 U.S.C. §§ 1956(c)(2), (3), (4), and (5); 31 U.S.C. § 5312(a)(2); 3-50 L. Sand, *et al*., <u>Modern Federal Jury Instructions - Criminal</u>, ¶ 50A.02, Instruction 50A-8 (2020) *available at* LexisNexis (modified).

INSTRUCTION NO.  78

**"SPECIFIED UNLAWFUL ACTIVITY"–EXPLAINED**

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  The alleged "specified unlawful activity" in this case is conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute controlled substances.  The Court instructs you that this alleged crime is a specified unlawful activity and a felony under federal law.

AUTHORITY:   3-50 L. Sand, *et al*., Modern Federal Jury Instructions - Criminal, ¶ 50A.02, Instruction 50A-8 (2020) *available at* LexisNexis (modified).

INSTRUCTION NO.  79

**KNOWLEDGE THAT PROPERTY WAS PROCEEDS OF UNLAWFUL ACTIVITY**

The government must prove beyond a reasonable doubt that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law.  Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of the specified unlawful activity alleged in the Superseding Indictment or any other specific offense.   The government only has to prove that the defendant knew it represented the proceeds of some illegal activity which was a felony.   I instruct you as a matter of law that conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute controlled substances is a felony.

AUTHORITY: 3-50 L. Sand, *et al*., Modern Federal Jury Instructions - Criminal, ¶ 50A.02, Instruction 50A-9 (2020) *available at* LexisNexis.

INSTRUCTION NO.  80

**KNOWLEDGE OF THE PURPOSE OF TRANSACTION**

The government must prove beyond a reasonable doubt that the defendant acted with knowledge that the transaction was (a) made with the intent to promote the carrying on of specified unlawful activity, or (b) was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

As to (a), promotional money laundering, if you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was made with the intent to promote the carrying on of specified unlawful activity, then this element is satisfied.

As to (b), concealment money laundering, if you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied.

AUTHORITY: 3-50 L. Sand, *et al*., Modern Federal Jury Instructions - Criminal, ¶ 50A.02, Instruction 50A-10 (2020) *available at* LexisNexis (modified).

INSTRUCTION NO.  81

## CAUTION:   PUNISHMENT

I caution you, members of the jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case.   A defendant is not on trial for any act or conduct or offense not alleged in the indictment.   Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Also, the punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of those accused.

AUTHORITY:   Pattern Crim. Jury Instr. 11th Cir. BI, B10.4 (2016), *available at* Westlaw (modified).

INSTRUCTION NO.  82

**USE OF NOTES**

The court has permitted you to take notes during the trial.   Your notes should be used only as memory aids.   You should not give your notes precedence over your independent recollection of the evidence.   If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.   I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

AUTHORITY:   1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, § 10.04 (6th ed. 2021), *available at* Westlaw (modified).

INSTRUCTION NO. 83

**VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY – PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.   Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.   You are judges – judges of the facts of this case.   Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.   Nothing you have seen or read outside of court may be considered.   Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.   Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

What the verdict shall be is the exclusive duty and responsibility of the jury.   As I have told you many times, you are the sole judges of the facts.

A form of verdicts has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the form, date and sign the form, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

AUTHORITY:   1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20.01 (6th ed. 2021), *available at* Westlaw (modified).