IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:20-CR-11 |
| | ) | |
| XAVIER HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATIONS

The parties stipulate and agree to the following:

**A.      Stipulation #1:  Methamphetamine, Exhibits 100 and 601**

Government Exhibit 601 is the laboratory report submitted by Erika Derks, a qualified

forensic scientist and a Drug Enforcement Administration Senior Forensic Chemist. This report

accurately states the results of the forensic analysis of Government Exhibit 100, which was found

to contain approximately 1,768.5 grams of d-Methamphetamine Hydrochloride at a purity level of

$91\% \pm 6\%$, which is methamphetamine, commonly known as "ice," as referenced in the

superseding indictment.  Methamphetamine is a Schedule II controlled substance, and Government

Exhibit 601 is admissible as a business record of the Drug Enforcement Administration pursuant

to Federal Rule of Evidence 803(6).

Custody of Government Exhibit 100 was properly maintained from the time it was seized

until it was analyzed at the DEA Mid-Atlantic Laboratory by a qualified forensic chemist.

**B.      Stipulation #2:  Methamphetamine, Exhibits 113 and 605**

Government Exhibit 605 is the laboratory report submitted by Jonathan Liu, a qualified

forensic scientist and a Drug Enforcement Administration Senior Forensic Chemist. This report



GOVERNMENT
EXHIBIT
911

accurately states the results of the forensic analysis of Government Exhibit 113, which was found to contain approximately 145.75 grams of Methamphetamine Hydrochloride at a purity level of 75% ± 6%, which is a mixture and substance containing methamphetamine, as referenced in the superseding indictment. Methamphetamine is a Schedule II controlled substance, and Government Exhibit 605 is admissible as a business record of the Drug Enforcement Administration pursuant to Federal Rule of Evidence 803(6).

Custody of Government Exhibit 113 was properly maintained from the time it was seized until it was analyzed at the DEA Mid-Atlantic Laboratory by a qualified forensic chemist.

C.    **Stipulation #3: Methamphetamine, Exhibits 114 and 603**

Government Exhibit 603 is the laboratory report submitted by Erika Derks, a qualified forensic scientist and a Drug Enforcement Administration Senior Forensic Chemist. This report accurately states the results of the forensic analysis of Government Exhibit 114, which was found to contain approximately 13.477 grams of d-Methamphetamine Hydrochloride at a purity level of 88% ± 6%, which is methamphetamine, commonly known as "ice," as referenced in the superseding indictment. Methamphetamine is a Schedule II controlled substance, and Government Exhibit 603 is admissible as a business record of the Drug Enforcement Administration pursuant to Federal Rule of Evidence 803(6).

Custody of Government Exhibit 114 was properly maintained from the time it was seized until it was analyzed at the DEA Mid-Atlantic Laboratory by a qualified forensic chemist.

D.    **Stipulation #4: Methamphetamine, Exhibits 115 and 602**

Government Exhibit 602 is the laboratory report submitted by Erika Derks, a qualified forensic scientist and a Drug Enforcement Administration Senior Forensic Chemist. This report accurately states the results of the forensic analysis of Government Exhibit 115, which was found to contain approximately 1.835 grams of d-Methamphetamine Hydrochloride at a purity level of

97% ± 6%, which is methamphetamine, commonly known as "ice," as referenced in the superseding indictment. Methamphetamine is a Schedule II controlled substance, and Government Exhibit 602 is admissible as a business record of the Drug Enforcement Administration pursuant to Federal Rule of Evidence 803(6).

Custody of Government Exhibit 115 was properly maintained from the time it was seized until it was analyzed at the DEA Mid-Atlantic Laboratory by a qualified forensic chemist.

### E.      Stipulation #5: Fentanyl, Exhibits 116 and 604

Government Exhibit 604 is the laboratory report submitted by Erika Derks, a qualified forensic scientist and a Drug Enforcement Administration Senior Forensic Chemist. This report accurately states the results of the forensic analysis of Government Exhibit 116, which was found to contain approximately 11.149 grams of N-Phenyl-N-[1-(2-phenylethyl)-4-pieridinyl] propenamide, which is fentanyl. Fentanyl is a Schedule II controlled substance, and Government Exhibit 604 is admissible as a business record of the Drug Enforcement Administration pursuant to Federal Rule of Evidence 803(6).

Custody of Government Exhibit 116 was properly maintained from the time it was seized until it was analyzed at the DEA Mid-Atlantic Laboratory by a qualified forensic chemist.

### F.      Stipulation #6: Government Exhibits 110, 403, 438–447: Mobile Phone Extraction

The Chesapeake Police Department, working with the Federal Bureau of Investigation, seized the mobile phone labeled as Government Exhibit 110. The chain of custody for this mobile phone was properly maintained. Accordingly, the parties agree that the United States is not required to offer witness testimony for the sole purpose of establishing chain of custody for this exhibit. Government Exhibit 110 had data extracted from it using a Cellebrite Mobile Synchronization data extraction tool operated by the Federal Bureau of Investigation, which was then kept and maintained in the normal course of business pursuant to Federal Rule of Evidence

803(6). Government Exhibit 403 contains a true and accurate copy of this extracted phone data. The extracted data is authentic and accurately reflects what was contained on Government Exhibit 110 at the time of the data extraction. Government Exhibits 438–447 contain true and accurate copies of attribution information, call log information, and selected text threads from Government Exhibit 110. The records in Government Exhibit 403 and 438–447 are authentic and admissible without further authentication, certification, or testimony of a custodian.

G.     **Stipulation #7: Government Exhibits 111, 402, 404–437, 448: Mobile Phone Extraction**

The Chesapeake Police Department, working with the Federal Bureau of Investigation, seized the mobile phone labeled as Government Exhibit 111. The chain of custody for this mobile phone was properly maintained. Accordingly, the parties agree that the United States is not required to offer witness testimony for the sole purpose of establishing chain of custody for this exhibit. Government Exhibit 111 had data extracted from it using a Cellebrite Mobile Synchronization data extraction tool operated by the Federal Bureau of Investigation, which was then kept and maintained in the normal course of business pursuant to Federal Rule of Evidence 803(6). Government Exhibit 402 contains a true and accurate copy of this extracted phone data. The extracted data is authentic and accurately reflects what was contained on Government Exhibit 111 at the time of the data extraction. Government Exhibits 404–437 and 448 contain true and accurate copies of attribution information, call log information, and selected text threads from Government Exhibit 111. The records in Government Exhibit 402, 404–437, and 448 are authentic and admissible without further authentication, certification, or testimony of a custodian.

H.     **Stipulation #8: Government Exhibit 130 and 400: Mobile Phone Extraction**

The Chesapeake Police Department, working with the Federal Bureau of Investigation, seized the mobile phone labeled as Government Exhibit 130. The chain of custody for this mobile phone was properly maintained. Accordingly, the parties agree that the United States is not

required to offer witness testimony for the sole purpose of establishing chain of custody for this exhibit. Government Exhibit 130 had data extracted from it using a Cellebrite Mobile Synchronization data extraction tool operated by the Federal Bureau of Investigation, which was then kept and maintained in the normal course of business pursuant to Federal Rule of Evidence 803(6). Portions of this extracted phone data are contained in Government Exhibit 400. The extracted data is authentic and accurately reflects what was contained on Government Exhibit 130 at the time of the data extraction. The records in Government Exhibit 400 are authentic and admissible without further authentication, certification, or testimony of a custodian.

I.       **Stipulation #9: Chesapeake Jail Telephone Calls**

Government Exhibits 502 through 510 are authentic portions of authentic recordings of telephone calls recorded and kept in the regular course of business of the Chesapeake Jail pursuant to Federal Rule of Evidence 803(6), and are admissible without further authentication, certification, or testimony of a custodian.

J.       **Stipulation #10: Western Tidewater Regional Jail Telephone Calls**

Government Exhibit 511 is an authentic portion of an authentic recording of a telephone call recorded and kept in the regular course of business of the Western Tidewater Regional Jail pursuant to Federal Rule of Evidence 803(6), and is admissible without further authentication, certification, or testimony of a custodian.

K.       **Stipulation #11: United States Postal Service Records**

Government Exhibits 607 through 622 are authentic and constitute records of a regularly conducted business activity of the United States Postal Service pursuant to Federal Rule of Evidence 803(6), or records or statements of a public office pursuant to Federal Rule of Evidence 803(8), and are admissible without further authentication, certification, or testimony of a custodian. Government Exhibit 606 is a summary chart displaying voluminous data contained in

USPS tracking sheets that have been marked as Government Exhibits 609–622, and is admissible as a summary chart under Federal Rule of Evidence 1006.

**L.      Stipulation #12: Chesapeake Asset Seizure Form**

Government Exhibit 322 is an authentic record of the Virginia Department of Criminal Justice Services Forfeited Asset Sharing Program, in Richmond, Virginia, and is a record of a regularly conducted business activity of that agency pursuant to Federal Rule of Evidence 803(6), or a record or statement of a public office pursuant to Federal Rule of Evidence 803(8), and is admissible without further authentication, certification, or testimony of a custodian.

**M.      Stipulation #13:  Other Business Records and Public Records**

The parties stipulate and agree that the categories of records listed below in numbered paragraphs 1 through 8 are authentic and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, or records or statements of a public office pursuant to Rule 803(8) of the Federal Rules of Evidence, without requiring further authentication, certification, or testimony of a custodian.

1.      Wells Fargo bank and account records.

2.      J.P. Morgan Chase bank and account records.

3.      Bank of America bank and account records.

4.      CapitalOne bank and account records.

5.      PayPal transaction and account records.

6.      Zelle transaction and account records.

7.      RIA Financial Services transaction and account records.

8.      American Airlines flight records.

**N.** **Stipulation #14: Bank of America Security Image**

Government Exhibit 906 is a true and accurate copy of security camera footage taken and maintained by the Bank of America branch located 893 East Little Creek Road, Norfolk, Virginia, and is an authentic record of a regularly conducted business activity of Bank of America pursuant to Rule 803(6) of the Federal Rules of Evidence.

**O.** **Stipulation #15: Financial Transactions Affected Interstate/Foreign Commerce**

In 2018 and 2019, Wells Fargo, J.P. Morgan Chase, Bank of America, CapitalOne, PayPal, Zelle, and RIA Financial Services conducted financial transactions that affected interstate and foreign commerce.

**P.** **Stipulation #16: Submitted to the Jury**

The parties further agree that these Stipulations may be marked and admitted as evidence in the case, and that they may be submitted to the jury during its deliberations along with other admitted evidence.

*United States v. Xavier Howell*, 2:20-cr-11

We ask for this:                                    Raj Parekh
                                                    Acting United States Attorney

                                            By:_____

_____          Andrew Bosse
James O. Broccoletti, Esq.                  Amanda L. Turner
Counsel for Xavier Howell                   Assistant United States Attorneys

_____
Xavier Howell
Defendant

8