UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.  Criminal No. 2:20cr11

KEVIN DAY,

Defendant.

## MEMORANDUM ORDER

The United States filed a Motion for Inquiry into Possible Conflict of Interest. (ECF No. 234). The motion alleged that counsel for Defendant Kevin Day ("Defendant" or "Day") had a conflict of interest as a result of counsel's prior representation and employment relationship with Defendant's father. The Government alleged counsel's relationship with Defendant's father would prevent him from providing conflict free advice concerning the possibility of cooperation. Day's counsel filed an opposing brief reciting the circumstances of his relationship with Day's father, and confirming Day's desire to continue with present counsel. (ECF No. 237). The court held a hearing on October 7, 2022. For reasons stated more fully on the record, the court granted the Motion to Inquire and conducted an on-the-record inquiry of potential conflicts with the Defendant. Finding no unwaivable conflict of interest, the court denied the Government's alternative request to disqualify Day's counsel.

The Sixth Amendment right to counsel includes the right to counsel of one's own choosing, and the right to an attorney unimpaired by conflicts of interest. United States v. Perez, 325 F.3d 115, 125 (2nd Cir. 2003). Thus, when a defendant retains an attorney who may have divided loyalties, the choice as to which right takes precedence "must generally be left to the defendant

and not be dictated by the government." Id. This presumption in favor of the defendant's choice of counsel may be overcome by evidence of an actual conflict, or serious potential for conflict. Wheat v. United States, 486 U.S. 153, 164 (1988). Thus, when the court learns of a potential conflict, it must conduct an inquiry to determine whether the defendant can waive the right to a conflict-free attorney. Perez, 325 F.3d at 125. If an attorney suffers from a conflict so severe that it would impede effective assistance, counsel should be disqualified notwithstanding the defendant's desire to waive. Id.; United States v. Dalton, 442 F. App'x 898, 901 (4th Cir. 2011) ("when confronted with a potential conflict of interest, the district court is obligated to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should thus be disqualified").

As set forth in detail on the record during the hearing the United States asserted a conflict based on the Defendant's representation by a California attorney admitted pro hac vice, Kirt Hopson. Mr. Hopson formerly represented Defendant's father, Wayne Day, in a 1996 criminal prosecution of Wayne Day on drug trafficking charges. Hopson presently employs Wayne Day as a paralegal, and Wayne Day also cosigned a lease for Defendant Kevin Day — identifying Hopson as his employer. The Government cited Hopson's relationship with Wayne Day, including his prior representation, supervisory relationship as Wayne Day's employer, and suggested that Wayne Day might be an as-yet-unindicted target of the investigation. It argued these facts would preclude Mr. Hopson from providing conflict free representation.

Prior to the hearing, Kevin Day's local counsel, Jim Theuer, met privately with Mr. Day to review the Government's allegations. Mr. Theuer confirmed that Mr. Hopson had not been involved in that meeting, and that he reviewed all of the Government's allegations with Mr. Day. After that review, Mr. Day confirmed his intention to continue with Mr. Hopson as counsel.

During the hearing on October 7, 2022, the court inquired separately of Mr. Day whether Mr. Theuer had indeed reviewed the allegations described and separately discussed the potential conflict. The court separately explained the Government's suggestion that Day might be discouraged from cooperating due to Wayne Day's relationship with his counsel, Hopson. After inquiry, the court determined that Kevin Day had made a knowing waiver of any potential conflict resulting from the circumstances alleged in the Government's motion. In addition, the court did not find any basis for an actual, non-waivable conflict requiring disqualification. Mr. Hopson is not presently representing Wayne Day and stated that he had not had an attorney/client relationship with him for twenty years. No party expects Wayne Day to be a witness in the proceedings, and thus Mr. Hopson's cross-examination would not be materially limited. Mr. Theuer remains as local counsel, and Mr. Kevin Day stated that he had opportunity for private consultation with Mr. Theuer, who intends to remain involved in any negotiations which might occur with the Government. Because there is no actual conflict requiring disqualification, the Government's motion is DENIED to the extent it sought to preclude Hopson's continued representation. To the extent the Government sought only an inquiry, that motion is GRANTED and satisfied by the record created on October 7 and in this Memorandum Order.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 7, 2022